**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALEXANDER BAYONNE STROSS,

        Plaintiff,

v.                                        Case No. 2:19-cv-165-FtM-29-UAM

TINY HOUSE MEDIA LLC,

        Defendant.

_____

**CASE MANAGEMENT REPORT**

      Plaintiff, ALEXANDER BAYONNE STROSS, and Defendant, TINY HOUSE MEDIA LLC

(collectively the "Parties"), have agreed on the following dates and discovery plan pursuant to

Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) **[Court recommends 30 days after CMR meeting]** | June 25, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | Complete |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | July 26, 2019 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: **[Court recommends 1-2 months before discovery deadline to allow expert depositions]** | September 4, 2019 October 4, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | November 4, 2019 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | December 4, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | March 9, 2020 |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)<br>**[Court recommends 3 weeks before Final Pretrial Conference]** | March 23, 2020 |
| **All Other Motions Including Motions *In Limine*** [Court recommends 3 weeks before Final Pre-trial Conference] | March 23, 2020 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | April 14, 2020 |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | April 20, 2020 |
| **Trial Term Begins**<br>[Local Rule 3.05(c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | May 4, 2020 |
| **Estimated Length of Trial** [trial days] | 2–3 days |
| **Jury/Non-Jury Trial** | Jury |
| **Mediation**<br>Mediation Deadline:<br>Mediator:<br>Address:<br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2-3 months after CMR meeting, or just after discovery | November 15, 2019<br><br>TBD |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| deadline] | |
| **All Parties Consent to Proceed Before Magistrate Judge** | ☒ No<br>☐ Likely to Agree in Future |

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.

Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on **June 12, 2019** at

**2:00 p.m.** at **LEWIS BRISBOIS, 110 S.E. 6th Street, Suite 2600, Fort Lauderdale, FL 33301**

and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Ana P. Moretto | Plaintiff |
| Michael B. Greenberg, Stacy M. Schwartz | Defendant |

## II.      Preliminary Pretrial Conference

**Track Two cases**:          The Parties (check one) [__] request          [X] do not request

a Preliminary Pretrial Conference before entry of a Case Management and Scheduling Order

in this Track Two case.

## III.      Pre-Discovery Initial Disclosures of Core Information, Fed. R. Civ. P. 26(a)(1)(C)–(D) Disclosures

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures

are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The Parties ☒ **agree to exchange** information described in Fed. R. Civ. P. 26(a)(1)(A)–(D) on/by June 25, 2019.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

- Identity of persons with knowledge of information likely to be discoverable in the action.

- Identity of categories of documents relevant to the action, including documents relating to the use of the image, editing of the image, licensing of the image, value of the image, revenue and profits of defendant.

## III.    Electronic Discovery

The Parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that:

☐    No party anticipates the disclosure or discovery of ESI in this case;

☒    One or more of the Parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.   The form or forms in which ESI should be produced.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including

---

[2] *See generally Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

specification of the topics for such discovery and the time period for which discovery will be sought.

 C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of

metadata.

 D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

 E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

 F.  Any issues relating to preservation of discoverable ESI.

 G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rule of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

 H.  Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

 If there are disputed issues specified above, or elsewhere in this report, then (check one):

 ☐  One or more of the Parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-

evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Fed. R. Civ. P. 16(a).

☒   All Parties agree that a hearing is not needed at this time.

### IV.      Agreed Discovery Plan for Plaintiff and Defendant

#### A.      Certificate of Interested Persons and Corporate Disclosure Statement.

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Fed. R. Civ. P. 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

☒   Yes

☐   No.

#### B.      Discovery Not Filed.

The Parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).

### C.     <u>Limits on Discovery</u>.

Absent leave of Court, the Parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the Parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R. Civ. P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the Parties each deposition is limited to one day of seven hours.  Fed. R. Civ. P. 30(d)(2).  The Parties may agree by stipulation on other limits on discovery.  The Court will consider the Parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ. P. 29.

### D.     <u>Discovery Deadline</u>.

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

### E.     <u>Disclosure of Expert Testimony</u>.

On or before the dates set forth in the above table for the disclosure of expert reports, the Parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

### F.     <u>Confidentiality Agreements</u>.

Whether documents filed in a case may be filed under seal is a separate issue from whether the Parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the Parties to file documents under seal

only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The Parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**The Parties shall prepare an appropriate confidentiality proposal if necessary and without Court involvement.**

**The Defendant does not anticipate the need for any confidentiality agreement at this time.**

### V.      Settlement and Alternative Dispute Resolution.

#### A.      <u>Settlement</u>.

The parties have discussed settlement and at the current time, settlement appears unlikely.

The parties request a settlement conference before a United States Magistrate Judge.

☐  Yes   ☒  <u>No</u>   ☐   Likely to request in future.

### B.   <u>Arbitration</u>.

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

☐  Yes  ☒   <u>No</u>  ☐   Likely to request in future.

### C.   <u>Mediation</u>.

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have not yet agreed on a mediator from the Court's approved list of mediators as set forth in the table above but have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D.   <u>Other Alternative Dispute Resolution</u>.

The parties intend to pursue the following other methods of alternative dispute resolution:

**None at this time.**


Dated:  June 12, 2019                              Respectfully submitted,


<u>/s/ Ana P. Moretto</u>                              <u>/s/ Stacy M. Schwartz</u>
ANA P. MORETTO                              STACY M. SCHWARTZ
Florida Bar No. 126347                       Florida Bar No. 520411
ana.moretto@sriplaw.com                      stacy.schwartz@lewisbrisbois.com
JOEL B. ROTHMAN                            MICHAEL B. GREENBERG
Florida Bar No. 98220                         Florida Bar No. 118708
joel.rothman@sriplaw.com                     michael.greenberg@lewisbrisbois.com

**SRIPLAW**                                **LEWIS BRISBOIS BISGAARD & SMITH**
21301 Powerline Road, Suite 100              110 S.E. 6th Street, Suite 2600
Boca Raton, FL 33433                          Fort Lauderdale, FL 33301
(561) 404-4350 - Telephone                    (954) 728-1280 - Telephone

(561) 404-4353 - Facsimile                    (954) 728-1282 - Facsimile

*Counsel for Plaintiff Alexander Bayonne*      *Counsel for Defendant Tiny House Media*
*Stross*                                       *LLC*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 12, 2019, a true and correct copy of the

foregoing document was electronically filed utilizing the Court's CM/ECF System.

*/s/ Ana P. Moretto*
ANA P. MORETTO